# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES ALBERT BARKER, III,<br><br>                Plaintiff,<br><br>v.<br><br>BRIAN VANSCYOC, DONALD VANDERVEST, THOMAS KNAUS, PATRICIA J. HANSON, VICTORIA WORDEN, CATLYN PRESSER, and AMY VANDERHOEF,<br><br>                Defendants. | Case No. 18-CV-253-JPS<br><br>**ORDER** |

        The Court stayed this matter on May 21, 2018, pending the resolution of state criminal proceedings against Plaintiff. (Docket #43). In that Order, the Court analyzed Plaintiff's "prodigiously long" complaint and evaluated the defendants' motions to dismiss, granting many of them after lengthy explanation. *See id.* at 3. The Court observed that Plaintiff's "catalog of alleged misconduct by every person associated with his criminal case [gave] rise to very few colorable federal claims." *Id.* at 8. The Court stayed the few remaining claims until the state court proceedings concluded. *Id.* at 28–29. Plaintiff filed status reports with the Court as ordered until March 2019, at which point he filed a motion to amend the complaint. (Docket #53). That motion was quickly opposed by various defendants. (Docket #54, #55, #58).

        The motion will be denied for two reasons. First, the Court's stay has not yet been lifted, so it is not yet appropriate to seek amendment of the complaint or take any other action in this case. Second, even if the Court

were to construe Plaintiff's motion to amend as also requesting to lift the stay, *see* (Docket #53 at 2) ("Plaintiff requests that after any stay of this case is lifted, that a briefing schedule be allowed. . ."), the Court would be constrained to deny the motion to amend for the reasons explained below.

Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave when justice so requires." However, courts need not give leave to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss" i.e., if amending the complaint would be futile. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Here, justice does not require the amendment, the amended complaint does not cure the deficiencies in the earlier complaint, and the proposed amendments are futile.

Plaintiff has already amended the complaint once in this action. *See* (Docket #1, #10). The second amended complaint names all of the same defendants as the first amended complaint, suggesting that Plaintiff did not heed the Court's screening order, which dismissed many of these defendants. *See* (Docket #10, #43, #53-1). Moreover, the allegations in the second amended complaint are substantively identical to those in the first amended complaint. Plaintiff has added inconsequential details and corrected various typographical and grammatical errors. He has also added Gerald P. Ptacek, Keith Dobesh, Edward Drewitz, Jessie Lewis, Chad Schulman, Anthony Castillo, Jonathan Massie, Anthony Travino, Kristin Chapman, and Samuel Christensen as defendants—indeed, everyone who was even remotely involved in the allegedly "tainted investigation and wrongful prosecution" in Racine County Circuit Case No. 15CF627. (Docket #53-1 at 4–6). But the second amended complaint does not allege new facts which, if true, would support liability of any of these defendants.

The new factual allegations against the defendants are as follows: that Judge Gerald P. Ptacek denied Plaintiff's bail, denied Plaintiff's jury selection challenge brought pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), and refused to adjourn the trial so that Plaintiff could seek medical care for a serious eye condition. These claims are barred by judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Plaintiff also claims that one of the previously dismissed prosecutors, Haley Jo Johnson, wrongfully objected to a partial release of bond money and participated in a trial that lacked due process. These allegations are barred by prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). The rest of the new allegations are sparse, conclusory, and generally allege that the defendants acted intentionally and maliciously to violate Plaintiff's rights and various laws. These allegations, even liberally construed, are not sufficient to state a claim for which relief can be granted. The Court's original order stands. *See* (Docket #43).

Plaintiff ceased providing the Court with status updates after he filed his motion to amend the complaint, and he never filed a motion to lift the stay. If he would like to proceed with this litigation, he must either resume filing status updates with the Court every 30 days, or file a motion to lift the stay within 30 days of the date of this Order. Failure to do so may result in dismissal of his case without further notice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend his complaint (Docket #53) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Order, Plaintiff file either a status report or a motion to lift the stay.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge